IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


PAUL ROSS,                          :
                  Petitioner,       :        4:09-cv-1770
                                    :
         v.                         :        Hon. John E. Jones III
                                    :
WARDEN JERRY MARTINEZ,              :
                  Respondent.       :


## MEMORANDUM

**December 1, 2009**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Paul Ross ("Ross") filed, *pro se*, the instant petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241 on September 14, 2009, seeking an

order compelling respondent to reconsider petitioner's request for pre-release

custody placement in a residential re-entry center ("RRC") for longer than the last

six months of his sentence in accordance with the Second Chance Act of 2007, or

home confinement in accordance with the Second Chance Act of 2007.

## I.     BACKGROUND

Ross, a federal inmate presently incarcerated at the Low Security

Correctional Institute at Allenwood ("LSCI-Allenwood"), was sentenced on

September 26, 2008 in the United States District Court for the Northern District of

New York to a 27 month term of imprisonment for extortion in violation of 18

U.S.C. § 875(B). Ross has been incarcerated with the Bureau of Prisons ("BOP")

since October 8, 2008, but has only been incarcerated at LSCI-Allenwood since

February 18, 2009. His projected release date is September 9, 2010, via good

conduct time release. (Declaration of Daniel Thomas, Doc. 6, Ex. 1, ¶ 2; Doc. 1, p.

5).

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199,

Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18

U.S.C. §§ 3621, 3624 was signed into law. The Act increases the duration of pre-

release placement in an RRC from six to twelve months and requires the BOP to

make an individual determination that ensures that the placement be "of sufficient

duration to provide the greatest likelihood of successful reintegration into the

community." 18 U.S.C. § 3624(c)(6)( C) (Apr. 9, 2008).

Recommendations for RRC placements are ordinarily reviewed with the

inmate and the Unit Team 17-19 months before each inmate's probable release

date. (Thomas Dec. ¶ 3). RCC referrals are then forwarded to the Community

Corrections Manager at least sixty days prior to the maximum recommended range

or date. (Thomas Dec. ¶ 4, citing BOP Program Statement 7310.04, Community

Corrections Center Utilization and Transfer Procedures).

On June 14, 2009, Ross was informed by his Unit Team that he would be

recommended for an RRC placement of three to sixth months prior to his release date. This recommendation was partially based on the fact that he had strong family ties in the community and a secure living arrangement. (Thomas Dec. ¶ 6). Thereafter, on September 11, 2009, Ross's Unit Team reconvened for a Program Review of his institutional programming and pre-release needs. Due to changes in Ross's family status, his case, institutional conduct, and community resources, were once again reviewed. After this review, it was determined that a recommendation for a five to sixth month RRC placement would be proposed for approval. (Thomas Dec. ¶ 7).

Ross represents that he "is fully enmeshed in the BOP administrative remedy appeal process . . .and is presently waiting for an answer to the BP-10 from the Regional Counsel." Admitting that he has not completed the BOP's administrative remedy process, Ross argues that the exhaustion requirement should be waived in his case because he is already within the potential twelve month pre-release period allowable under the Second Chance Act and taking the time to complete the exhaustion requirement would therefore be prejudicial.

## II.    DISCUSSION

28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)(quoting 28 U.S.C.

§§ 2241(a) and (c)(3)).  In *Woodall v. Federal Bureau of Prisons*, the United States

Court of Appeals for the Third Circuit concluded that Section 2241 is the

appropriate means for challenging a decision to exclude an inmate from release to a

RRC.  432 F.3d 235, 242 (3d Cir. 2005).

Although Section 2241 does not contain a statutory exhaustion requirement,

courts in the Third Circuit have consistently required an inmate to exhaust his

administrative remedies prior to petitioning for a writ of habeas corpus.  *See*

*Moscato v. Fed. Bureau of Prisons*, 98 f. 3d 757, 760 (3d Cir. 1996)(citing

*Bradshaw v. Carlson*, 682, F.2d 1050, 1052 (3d Cir. 1981)(per curiam)); *see also*

*Callwood v. Enos*, 230 f.3d 627, 634, 43 V.I. 293 (3d Cir. 2000).  Exhaustion is

required for the following reasons: "(1) allowing the appropriate agency to develop

a factual record and apply its expertise facilitates judicial review; (2) permitting

agencies to grant the relief requested conserves judicial resources; and (3)

providing agencies the opportunity to correct their own errors fosters

administrative autonomy."  *Moscato*, 98 F.3d at 761-762 (citations omitted).

The exhaustion procedure to be utilized by federal inmates is the

administrative remedy protocol established by the BOP and set forth at 28 C.F.R.

§§ 542.10-542.19.  Pursuant to this protocol, an inmate first must present his

complaint to staff, and staff must attempt to resolve informally any issue before an

inmate files a request for administrative relief.  *See* § 542.13(a).  If informal

resolution proves unsuccessful, the inmate may raise the complaint with the warden of the institution where he is housed. *See id.* An inmate has twenty calendar days from the date of the alleged injury within which to complete this informal resolution process. *See* § 542.14(a). If an inmate is dissatisfied with the response received during the informal resolution process, he may appeal the decision to the Regional Office and the General Counsel of the BOP. *See* § 542.15. A BOP decision is not final – and thus not reviewable – until relief has been denied by the General Counsel's office. *Id.*

According to BOP records, Ross failed to exhaust his administrative remedies regarding his pre-release placement. (Declaration of Susan Albert, Doc. 6, Ex. 2, ¶ 3). On August 24, 2009, Ross filed administrative remedy 552902-F1 regarding the Second Chance Act and home confinement. (Albert Dec. ¶ 4). This administrative remedy was closed and denied on August 28, 2009. (Albert Dec. ¶ 4).

On September 3, 2009, Ross filed an appeal at the Regional Office level appealing the Warden's response (552902-R1). (Albert Dec. ¶ 5). This administrative remedy was closed and partially granted on October 2, 2009. (Albert Dec. ¶ 5). As noted in the administrative remedy response by J.L. Norwood, Regional Director, "If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons." (Albert Dec. ¶ 6). To

date, Ross has not appealed to the General Counsel and no other administrative remedies have been filed by Ross.  (Albert Dec. ¶ 7).

In an effort to excuse the exhaustion requirement, Ross argues that "[under normal circumstances, [he] would have waited to completion of the BOP administrative remedy process but he is exactly one year from release right now and it takes over 3 months to obtain an answer from the Central Office of the BOP from where [his] BOP remedy solution will be final."  (Doc. 1, p. 2).

The Supreme Court recognizes that "it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice . . . only in rare cases where exceptional circumstances of peculiar urgency are shown to exist."  *Torres v. Martinez*, 2009 U.S. Dist. LEXIS 70577, *6 (M.D. Pa. Aug. 12, 2009 )(citing *Rose v. Lundy*, 455 U.S. 509, 515-516 (1982) quoting *Ex parte Hawk,* 321 U.S. 114, 117 (1944)(internal quotations and citations omitted)).

Courts in the Middle District of Pennsylvania have consistently held that "exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark, which is simply a statutory maximum and not a mandate."  *See Malvestuto v. Martinez*, 2009 U.S. Dist. LEXIS 78231, *9 (M.D. Pa. Sep. 1, 2009)(Connor, J.); *Melchiorre v. Martinez*, 2009 U.S. Dist. LEXIS

91137, *7 (M.D. Pa. Sep. 30, 2009)(Connor, J.); *D'Alfonoso v. Martinez*, 2009 U.S. Dist. LEXIS 90344, *6 (M.D. Pa. Sep. 30, 2009)(Connor, J.); *Torres v. Martinez*, 2009 U.S. Dist. LEXIS 70577 (M.D. Pa. Aug. 12, 2009)(Munley, J.); *Miceli v. Martinez*, 2009 U.S. Dist. LEXIS 71877 (M.D. Pa. Sep. 15, 2008)(Rambo, J.). Accordingly, the Court will dismiss the petition for a writ of habeas corpus for failure to exhaust administrative remedies.

## III. CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice for failure to exhaust administrative remedies. An appropriate order will issue.